UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FRATERNAL ORDER OF POLICE, D.C.
LODGE 1, NDW LABOR COMMITTEE,
INC. 711 4th Street, N.W. Washington,
D.C. 20001; **FRATERNAL ORDER OF
POLICE FIRST FEDERAL LODGE 1-F**,    CIVIL ACTION NO.:_____
1336 Spring Garden Street, Philadelphia, PA
19123; **JOSEPH BARBETTA**, 203 Haegele
Place, Mt. Royal, NJ 08061; **ANTHONY
ANZIDEO**, 2616 South 12th Street,
Philadelphia, PA 19148; **JAMES W.
WATERS**, 3209 Radford Lane, Fort
Washington, MD 20744,
                        Plaintiffs,

v.

**ROBERT M. GATES**, in his official
capacity as Secretary of the Department
of Defense, 1000 Defense Pentagon,
Washington, DC 20301-1000
                        Defendant.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR REVIEW OF ADMINISTRATIVE ACTION

Plaintiffs Fraternal Order of Police, D.C. Lodge 1, NDW Labor Committee, Fraternal Order of Police, First Federal Lodge 1-F, Joseph Barbetta, Anthony Anzideo and James W. Waters, individually and on behalf of all other police officers similarly situated, sues the Defendant Robert M. Gates, in his official capacity as Secretary of the United States Department of Defense for declaratory and injunctive relief and to review and compel agency action unlawfully withheld.

### A. JURISDICTION AND VENUE

1.  This action arises under the Fifth Amendment to the United States Constitution

and the Administrative Procedures Act, (APA), 5 U.S.C. §701, et. seq., challenging a nationwide policy of the United States Navy.

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (deprivation of civil rights) and 5 U.S.C. §701-706 (judicial review of agency action).

3. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

4. Venue is proper pursuant to 28 U.S.C. §1391.

5. Plaintiffs have exhausted their administrative remedies prior to initiating this action.

## B. PARTIES

6. At all times material herein, Plaintiff Fraternal Order of Police, D.C. Lodge 1, NDW Labor Committee, Washington, DC, (FOP-NDW) is a certified labor organization and the exclusive representative of police officers employed by the Department of Defense, United States Navy, Naval District Washington, Washington, D.C. concerning personnel policies and practices and other conditions of employment.

7. At all times material herein, Plaintiff Fraternal Order of Police, First Federal Lodge 1-F, Philadelphia, PA (FOP-1F) is a certified labor organization and the exclusive representative of police officers employed by the Department of Defense, United States Navy, Philadelphia Naval Business Center, Philadelphia, PA, concerning personnel policies and practices and other conditions of employment.

8. At all times material herein, Joseph Barbetta is a non-probationary civilian police officer employed by the Department of Defense, United States Navy, Philadelphia Naval

Business Center, Philadelphia, PA, who: (a) has a property interest in his position; and (2) is adversely affected by the unlawful policy at issue.

9. At all times material herein, Anthony Anzideo is a non-probatonary civilian police officer employed by the Department of Defense, United States Navy, Philadelphia Naval Business Center, Philadelphia, PA, who: (a) has a property interest in his position; and (b) is adversely affected by the unlawful policy at issue.

10. At all times material herein, James W. Waters is a non-probationary civilian police officer employed by the Department of Defense, United States Navy, Naval District Washington, Washington, D.C., who: (a) has a property interest in his position; and (b) is adversely affected by the unlawful policy at issue.

11. At all times material herein, Robert M. Gates, is the Secretary of the Department of Defense (DoD), and is responsible for the operation and administration of the Department of Defense.

12. The United States Navy (USN) is an agency within the Department of Defense and at all times subject to the authority and control of the Secretary of Defense.

### C. ORGANIZATIONAL STANDING ALLEGATIONS

13. The plaintiffs repeat and reallege the allegation contained in paragraphs 1 through 12 as though full set forth herein.

14. The FOP, is an organization created to represent the interests of its membership concerning the terms and conditions of employment with the defendant.

15. The FOP fosters fraternalism among its members and seeks to encourage member participation in the organization for the purpose of assisting the FOP in meeting its goals and

objectives.

16. Membership in the FOP by DoD USN civilian police officers is voluntary.

17. Membership in the FOP affords member access to legal representation by attorneys retained by the FOP, for the purpose of bringing legal action against the defendant, even though the member would have a right to bring a suit in their own right.

18. The FOP has an obligation to its members to provide legal representation and assistance on behalf of any member concerning all matters relating to a member's employment with the defendant.

19. Accordingly, the interests the FOP seeks to protect in this proceeding are germane to the FOP's purpose.

20. Neither the claims asserted by the FOP nor the relief requested requires the participation of individual members in this lawsuit.

21. As federal employees, the named plaintiffs and the civilian police officers represented by FOP-NDW and FOP-1F have constitutional and/or statutory rights:

   a. not to be exposed to training techniques controlled by the defendant which creates a dangerous and unreasonable risk of injury and/or death to the plaintiffs and its members;

   b. not to be subject to an agency training policy which increases the danger of injury or death to the plaintiffs; and

   c. not be subjected to an agency policy which when applied to the plaintiffs is so egregious and outrageous that it may fairly be said to shock the contemporary conscience.

## D. FACTUAL ALLEGATIONS

22. The plaintiffs repeat and reallege the allegations set forth in paragraphs 1-21 as though fully set forth herein.

23. On July 9, 1996, the Department of Defense (DoD) issued Directive 3000.3, *Policy for Non-Lethal Weapons.*

24. Directive 3000.3 informs the reader:

**4. POLICY**

It is DoD policy that:

4.1 Non-lethal weapons, doctrine, and concepts of operation shall be designed to reinforce deterrence and expand the range of options available to commanders.

4.2 Non-lethal weapons should enhance the capability of U.S. Forces to accomplish the following objectives:

    4.2.1 Discourage, delay, or prevent hostile actions.
    4.2.2 Limit escalation.
    4.2.3 Take military action in situations where use of lethal force is not the preferred option.
    4.2.4 Better protect our forces.
    4.2.5 Temporarily disable equipment facilities, and personnel.

4.3 Non-lethal weapons should also be designed to help decrease the post-conflict costs of reconstruction.

4.4 The availability of non-lethal weapons shall not limit a commander's inherent authority and obligation to use all necessary means available and to take all appropriate action in self-defense.

4.5 Neither the presence nor the potential effect of non-lethal weapons shall constitute an obligation for their employment or a higher standard for employment of force than provided for by applicable law. In all cases, the United States retains the option for immediate use of lethal weapons, when appropriate, consistent with international law.

4.6 Non-lethal weapons shall not be required to have a zero probability of producing

        fatalities or permanent injuries. however, while complete avoidance of these effects is not guaranteed or expected, when properly employed, non-lethal weapons should significantly reduce them as compared with physically destroying the same target.

4.7      Non-lethal weapons may be used in conjunction with lethal weapon systems to enhance the later's effectiveness and efficiency in military operations. This shall apply across the range of military operations to include those situations where overwhelming force is employed.

23.      By its expressed terms DoD Directive 3000.3 applies to the uniformed military forces of the United States.

24.      Subsequent to the issuance of DoD Directive 3000.3, the United States Navy implemented a navy-wide training program for the use of non-lethal weapons for armed forces afloat and ashore.

25.      On January 30, 2007, the Navy implemented OPNAVINST 5530.14D which approved non-lethal weapons training for *civilian police officers* employed by the Navy.

26.      One aspect of the non-lethal training includes training *civilian police officers* in the use of oleoresin capsicum (OC) spray.

27.      The Navy training program has three levels. **Level I** training includes the direct facial spraying and contamination of the plaintiffs with OC spray. **Level II** training involves a non-impact exposure to OC Spray wherein the contaminate is smeared on the skin beneath the eyes of the plaintiffs. **Level III** training also involves a non-impact exposure of OC Spray requiring the plaintiffs to walk through a room where the spray has been released.

28.      Oleoresin capsicum is an oily extract of pepper plants and is used as the active ingredient in OC spray. It is not water soluble. OC spray is registered as pesticide with the U.S. Environmental Protection Agency.

29. In the same vein, OC spray extract contains a complex mixture of phenols known as capsaicinoids. Capsaicinoid content determines the "hotness" of the extract.

30. The relative hotness of the extract is measured in Scoville Heat Units (SHU) which is the greatest dilution of pepper extract that can be detected by the human tongue.

31. Once contaminated with a Level I direct blast of OC spray, the plaintiffs will experience the following physiological responses:

    a. Their skin will experience tingling, intense burning pain, swelling, redness and potential blistering;

    b. The Capsaicin in the spray will augment any allergic sensitization and worsen allergic dermatitis;

    c. Plaintiffs will suffer respiratory responses to the OC spray contamination including burning of the throat, wheezing, dry cough, shortness of breath, gagging, gasping, inability to breath or speak due to laryngospasm or laryngeal paralysis;

    d. In some instances, the plaintiffs might experience cyanosis and respiratory arrest.[1]

    e. Nasal inhalation of OC spray by the plaintiffs will cause sneezing, irritation, and mucus secretion. Its inhalation can cause acute hypertension which in turn can cause headache and increase the risk of stroke or heart attack.

    f. Plaintiffs' eyes will experience redness, swelling, severe burning pain, stinging, conjunctival inflammation, shedding of tears and involuntary and reflex closing of the eyelids. Any plaintiff experiencing problems with corneal erosion would be more susceptible to severe

---

[1] Cyanosis is a physical sign causing bluish discoloration of the skin and mucous membranes. Cyanosis is caused by a lack of oxygen in the blood.

7

ocular effects than individuals with normal corneas.

32. OC spray has resulted in the death of individuals who have been directly sprayed and contaminated with the spray.

33. By letter dated November 28, 2007, the defendant indicated that it would enforce the Navy policy of the OC Spray in the face for civilian police officers employed by the Navy.

## FIRST CAUSE OF ACTION

### Violation of Constitutional Rights Under the APA
### (Fifth Amendment - Violation of Substantive Due Process)

34. The plaintiffs repeats and realleges the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35. The plaintiffs have a constitutional right to life, personal security, bodily integrity and personal privacy under the Fifth Amendment.

36. The actions of the defendant in maintaining the OC Spray-in-the-Face policy for civilian police officers impinges upon the plaintiffs' right to life, personal security, bodily integrity and personal privacy.

37. In the same vein, the defendant's OC Spray in the face policy affirmatively acts to increase the danger of injury or death to the plaintiffs. If actually sprayed in the face and contaminated with OC Spray, such spraying will result in serious and/or potentially fatal harm to the plaintiffs.

38. Plaintiffs are presently subject to the be sprayed in the face and contaminated with OC Spray in the immediate future.

39. The Navy's use of and Level I facial spraying and contamination of the plaintiffs

with a dangerous and painful substance which has recognized wide-ranging deleterious physical impact on the plaintiffs is so egregious and so outrageous that it may fairly be said to shock the contemporary conscience.

40. The actual Level I spraying in the face and chemical contamination of the plaintiffs by the defendants is not the least restrictive means for the government to complete non-lethal training.

41. The defendant's actions are contrary to plaintiff's and its member's constitutional rights, powers, privileges or immunities under the Fifth Amendment to the United States Constitution, and therefore, are not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B).

## SECOND CAUSE OF ACTION

### Violation of Constitutional Rights Under the APA
### (Fifth Amendment - Denial of Procedural Due Process)

42. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 41 as though fully set forth herein.

43. The actions of the defendant in subjecting the plaintiffs and their members to direct impact spraying with OC Spray creating an unreasonable risk of injury or death and/or inflicting severe physiological and emotional injury to the plaintiffs without due process of law is contrary to plaintiff's and its member's constitutional rights powers, privileges or immunities under the Fifth Amendment to the United States Constitution and therefore, is not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B) and 5 U.S.C. §706(2)(C).

### THIRD CAUSE OF ACTION

**Violation of Constitutional Rights Under the APA
(Fifth Amendment - Equal Protection of the Law)**

44. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 43 as though fully set forth herein.

45. The actions of the defendant in subjecting the plaintiffs and their members to direct impact spraying with OC Spray creating an unreasonable risk of injury or death and/or inflicting severe physiological and emotional injury to the plaintiffs is contrary to plaintiff's and its member's constitutional rights powers, privileges or immunities under the Fifth Amendment to the United States Constitution and denies the plaintiffs equal protection under the law, and therefore, is not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(B) and 5 U.S.C. §706(2)(C).

### FOURTH CAUSE OF ACTION

**Arbitrary and Capricious Action in Violation of
the Administrative Procedures Act**

46. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 45 as though fully set forth herein.

47. The actions of the defendant in subjecting the plaintiffs and their members to direct impact spraying with OC Spray creating an unreasonable risk of injury and/or death and/or inflicting severe physiological and emotional injury to the plaintiffs is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law and therefore, is not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(A).

## FIFTH CAUSE OF ACTION

### Excess of Statutory Authority in Violation of the Administrative Procedures Act

48. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

49. The actions of the defendant in subjecting the plaintiffs and their members to direct impact spraying with OC Spray creating an unreasonable risk of injury and/or death and/or inflicting severe physiological and emotional injury to the plaintiffs is in excess of the defendant's statutory jurisdiction, authority, or limitations and otherwise not in accordance with the law and therefore, is not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(C).

## PRAYER FOR RELIEF

*WHEREFORE*, the Plaintiff demands judgment against the Defendant and requests that this Court:

A. Declare that the defendant's policy of direct impact spraying plaintiffs with OC Spray is unconstitutional under the Fifth Amendment to the United States Constitution and a denial of equal protection of the law;

B. Declare that the defendant's action policy of direct impact spraying plaintiffs with OC Spray is: (i) contrary to the plaintiff's and its member's constitutional rights; (ii) in excess the defendant's statutory authority; (iii) arbitrary and capricious; and (iv) otherwise not in accordance with the law and therefore, not in accordance with the "APA" pursuant to 5 U.S.C. §706(2)(A), (B) and (C).

C. Enjoin the defendant from direct impact spraying plaintiffs with OC Spray.

D. Award attorney fees and costs incurred in bring this action; and

E. Such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Stephen G. DeNigris, Esq.*
Stephen G. DeNigris, Esq.
D.C. Bar No. 440697
Attorney for the Plaintiffs
2100 M Street, N.W. Suite 170-283
Washington, D.C. 20037-1233

(703)416-1036    Office
(703)416-1037    Office Fax

E-mail:    sgd853@aol.com

Dated: January 8, 2008

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Fraternal Order of Police, D.C. Lodge 1, NDW Labor Committee, Inc. 711 4th Street, N.W. Washington, D.C. 20001; Fraternal Order of Police First Federal Lodge 1-F, 1336 Spring Garden Street, Philadelphia, Pa 19123; Joseph Barbetta, 203 Haegele Place, Mt. Royal, NJ 08061; Anthony Anzideo, 2616 South 12th Street, Philadelphia, Pa 19148; James W. Waters, 3209 Radford Lane, Fort Washington, Md 20744

11001

## DEFENDANTS

Robert M. Gates, in his Official Capacity as Secretary of Defense, 1000 Defense Pentagon, Washington, DC 20301-1000

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen G. DeNigris, Esq. 2100 M St NW Suite 170-283, Washington, DC 20037 (703)416-1036

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00039
Assigned To : Leon, Richard J.
Assign. Date : 1/8/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ● C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5th Amd. U.S. Constit. & Admin. Procedures Act, 5 USC Sec. 701, et. seq. (Challenge to Agency Regulation)

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 0.00   Check YES only if demanded in complaint
JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 01/08/2008   SIGNATURE OF ATTORNEY OF RECORD   DC BAR #440697

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.